UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD A. TUALLI, | Case No. 2:17-CV-1870 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| EVERBANK, et al., | |
| Defendant(s). | |

Presently before the court is Taulli's emergency application for a temporary restraining order (TRO) and injunctive relief, (ECF No. 12). Taulli's motion for a TRO requests this court to stay a foreclosure sale. (ECF No. 12 at 6, 10–11). The motion is denied.

This case involves an impending foreclosure sale, set for August 24, 2017, on Taulli's principal place of residence caused by plaintiff's admitted delinquency in making his mortgage payments. (ECF No. 1-2 at 6 ¶ 15) (Taulli admitting in his complaint, "being unable to make his required payment . . ."); (ECF No. 12 at 3) (Taulli admitting the same in his motion for a TRO); *see also* (ECF No. 1-2 at 31) (mortgage statement attached to Taulli's complaint, showing $181,200.28 overdue and a notice stating, "According to our records your account is delinquent."). Taulli claims that the home subject to the foreclosure and this action is his principal place of residence, which he purchased under a note in the principal amount of $897,600. (ECF No. 12 at 2); (ECF No. 1-2 at 17–19).

On May 25, 2017, Taulli claims he received a notice of sale from defendant Trustee Corps setting a foreclosure sale of plaintiff's home for June 27, 2017. (ECF No. 12 at 3–4).

On June 15, 2017, plaintiff Richard Taulli filed a complaint in Nevada state district court against defendants EverBank, Countrywide Mortgage, Oaktree Funding, and Trustee Corps,

bringing claims relating to the defendants' alleged improper servicing and foreclosure on plaintiff's home mortgage. (ECF No. 1-2 at 4–11). Taulli's complaint contains four claims against defendants: (1) contractual breach of the implied covenant of good faith and fair dealing, (2) tortious breach of the implied covenant of good faith and fair dealing, (3) declaratory judgment, and (4) injunctive relief. (ECF No. 1-2 at 7–11).

The foreclosure sale was reset to August 24, 2017. (ECF No. 12 at 2).

Federal Rule of Civil Procedure 65(b) allows a federal district court to issue a temporary restraining order under the following strict conditions:

> **(1)** *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>> **(A)** *specific facts in an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65 (emphasis added).

Taulli's motion for a TRO fails to comply with the threshold requirement of providing an affidavit or verified complaint setting forth the specific facts showing this court the need for a TRO. The complaint is not verified. (*See* ECF No. 1-2 at 4–11). There are no citations to evidence or an affidavit anywhere in Taulli's "statement of facts" supporting his TRO motion. (*See* ECF No. 12 at 2–6). Taulli's counsel signed a 4-sentence "declaration in support of temporary order staying foreclosure" that is woefully inadequate to constitute a showing of "specific facts" that "clearly show" that a TRO is warranted. *See* Fed. R. Civ. P. 65; (ECF No. 12 at 10–11). Instead, Taulli's counsel swore only:

1. That I am an attorney duly licensed to practice law in the State of Nevada and represent the Plaintiff in this matter.
2. That this Application for Temporary Restraining Order and Motion for Preliminary Injunction needs to be granted on an emergency basis.

3. That an Order Staying Foreclosure is justified in that foreclosure proceeding[s] are currently scheduled for August 24, 2017 on the property, Defendant previously delayed the foreclosure demonstrating that a delay in the foreclosure causes Defendants minimal harm and such foreclosure would cause great harm to Plaintiff as it is his primary residence.
4. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

(ECF No. 12 at 10–11). This is inadequate to satisfy the affidavit requirement of FRCP 65(b). It does not set for *specific* facts that *clearly show* anything; rather, these are simply conclusory statements showing only that it is counsel's opinion that a TRO is appropriate here.

The purpose of this rule is to provide the court with additional confidence in the propriety of a TRO, given that injunctive relief is an extraordinary remedy and the court has not had an opportunity to hear from the opposing party on the matter. Therefore, the Federal Rules of Civil Procedure require that someone is willing to swear under penalty of perjury to the essential facts within his first-hand knowledge that support the motion for a TRO. This requirement has not been met here.

One of Taulli's allegations illustrates the problem. Taulli alleges that defendants have not complied with Nevada's statutory foreclosure mediation program, *see* NRS § 107.086. (ECF No. 12 at 9) (". . . nor has [defendant EveraBank] met with the mediation requirements of NRS § 107.086(6)"); (ECF No. 1-2 at 7–8) (". . . failing to allow mediation or modification in good faith, as required under Nevada and Federal law. . . [Taulli's justified expectations that [defendants] would comply with NRS § 107.086 . . . were thus denied."). But neither in Taulli's complaint nor in his motion for a TRO does he explain how defendants violated this law, and further, he has provided the court with no evidence—not even his own sworn affidavit—upon which the court might conclude that he is correct and that injunctive relief is thus warranted.

Without a sworn affidavit or verified complaint setting forth the specific facts that clearly show Taulli is entitled to extraordinary, ex parte injunctive relief, this court cannot issue a temporary restraining order.

Therefore, this court does not reach the question of whether, had Taulli provided an adequate supporting affidavit, a TRO would have been warranted.

James C. Mahan
U.S. District Judge

- 3 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's emergency motion for a temporary restraining order, (ECF No. 12) be, and the same hereby is, DENIED.

DATED August 22, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -