UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD A. TUALLI,<br><br>                          Plaintiff(s),<br><br>     v.<br><br>EVERBANK, et al.,<br><br>                          Defendant(s). | Case No. 2:17-CV-1870 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant EverBank's[1] motion to dismiss plaintiff Richard Taulli's complaint under Federal Rule of Civil Procedure 12(b)(6), (ECF No. 6). The motion to dismiss is granted.

**I.    Facts**

The court accepts the following allegations in Taulli's complaint as true, to the extent that they are non-speculative and plausible, for the purposes of resolving the pending motion to dismiss, *see generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This case involves a foreclosure sale on Taulli's home caused by his admitted delinquency in making his mortgage payments. (*See* ECF No. 1-2 at 6 ¶ 15) (Taulli admitting in his complaint, "[Taulli] being unable to make his required payment . . ."). The real property in question is located at 2808 Cowan Circle, Las Vegas, Nevada, 89107, also known as APN 139-32-214-017. Taulli

---

[1] There are two other defendants in this action, and EverBank's counsel of record also is the counsel of records for these other defendants, yet none of them have joined EverBank in this motion to dismiss. (ECF No. 6). The other defendants named in the complaint are Countrywide Mortgage, Oaktree Funding, and Trustee Corps. (ECF No. 1-2 at 4–5). The record indicates that "Trustee Corps" is actually the doing-business-as name of MTC Financial, Inc. (ECF No. 1-2 at 28). This order refers to all four of the defendants to this action collectively as "defendants."

**James C. Mahan**
**U.S. District Judge**

claims that the subject home is his principal place of residence, which he purchased with a note in the principal amount of $897,600. (*Id.* at 5).

However, he alleges that over the years of his mortgage payments, the defendants had improperly serviced his loan and applied his payments toward only the loan's interest, rather than applying any amount toward the principal, yet the defendants had misled him by leading him to believe that part of his payments went towards his principal. (*Id.* at 6 ¶¶ 17–18, 7 ¶ 29(b)). He also alleges that before initiating foreclosure proceedings, defendants failed to act in good faith in servicing his loan by failing to comply with the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e) ("RESPA"), and the regulations promulgated thereunder, and by "failing to allow mediation or modification in good faith, as required under Nevada and Federal law." (*Id.* at 7–8).

On or about April 19, 2017, Taulli sent defendant EverBank a "qualified written request" pursuant to RESPA requesting information about his loan. (*Id.*). On May 25, 2017, EverBank sent a letter to Taulli requesting more time to respond. (*Id.*). On the same day, Taulli received a notice of sale from defendant Trustee Corp, setting the foreclosure sale for June 27, 2017. (*Id.* at 7 ¶ 22).

Taulli claims that, as of the date of the complaint, EverBank has yet to provide Taulli with the information he requested by the qualified written request. (*Id.* at 7). Even if EverBank provided Taulli that information now, Taulli claims there would be insufficient time to "utilize the information for any mediation or modification" before the foreclosure. (*Id.*).

On June 15, 2017, plaintiff Richard Taulli filed a complaint in Nevada state court against defendants EverBank, Countrywide Mortgage, Oaktree Funding, and Trustee Corps, bringing claims relating to the defendants' allegedly improper servicing and foreclosure on plaintiff's home mortgage. (ECF No. 1-2 at 4–11).

On July 14, 2017, defendant EverBank filed the instant motion to dismiss. (ECF No. 6). Taulli responded. (ECF No. 11). EverBank replied. (ECF No. 13).

On August 14, 2017, Taulli filed an emergency motion for a temporary restraining order. (ECF No. 12). On August 22, 2017, this court denied that motion because Taulli did not supply this court with a verified complaint or sworn affidavit demonstrating specific facts that show the

**James C. Mahan**
**U.S. District Judge**

need for a TRO. (ECF No. 14). In essence, Taulli made bare allegations without supporting evidence, which is especially troublesome when asking the court to order *ex parte* relief.

As of the parties' last indication, the foreclosure of the property at issue in this litigation was set for August 24, 2017. (ECF No. 14 at 1).

The court now addresses EverBank's motion to dismiss Taulli's complaint.

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.*

James C. Mahan
U.S. District Judge

- 3 -

(internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

Finally, in resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court cannot consider evidence or matters outside of the pleadings or else "the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d). However, certain written instruments may be considered to be part of the pleading; even if a document is not attached to the complaint, it may be incorporated by reference into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims. *United States v. Ritchie*, 342 F.3d 903, 908 (2003). In that situation, a court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

Therefore, in resolving the present motion to dismiss, (ECF No. 6), this court will exclude from its consideration all matters outside the pleadings (*see, e.g.*, ECF No. 12; ECF No. 1-2 at 16–26), but this court will consider the deed of trust and its attachments found in exhibit 1 to the motion to dismiss (ECF No. 6 at 8–29), and the notice of delinquency and intent to sell found in exhibit 2 to the motion to dismiss (ECF No. 6 at 30–36), upon each of which Taulli's complaint relies and implicitly incorporates.

**III. Discussion**

Taulli alleges four claims against defendants: (1) contractual breach of the implied covenant of good faith and fair dealing, (2) tortious breach of the implied covenant of good faith and fair dealing, (3) declaratory judgment, and (4) injunctive relief. (ECF No. 1-2 at 7–11).

However, as a preliminary matter, a claim for declaratory relief pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, is merely a remedy and not an independent, substantive cause of action. (ECF No. 6 at 7); *see Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The same is true for a request for declaratory relief under Nevada's Uniform Declaratory Judgment Act. *See* Nev. Rev. Stat. § 30.030; *Builders Ass'n of N. Nevada v. City of Reno*, 776 P.2d 1234, 1234 (Nev. 1989) ("The Uniform Declaratory Judgments Act does not establish a new cause of action . . .").

Likewise, a request for injunctive relief is also merely a remedy, not an independent cause of action. (ECF No. 6 at 7); *see Tyler v. Am. Home Mortgage*, No. 3:10–cv–00042, 2011 WL 5025234 at *6 (D. Nev. Oct. 21, 2011) (*citing In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007)); *see also Jensen v. Quality Loan Service Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("An injunction is a remedy, not a separate claim or cause of action. A pleading can . . . request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate.").

Accordingly, Taulli's two claims upon the covenant of good faith and fair dealing are the only substantive causes of action in his complaint—thus, this motion rises or falls upon those claims alone.

*A. Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing*

"It is well established that all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 163 P.3d 420, 426–27 (Nev. 2007). The purpose of the claim is to prevent a contracting party from "deliberately counterven[ing] the intention and spirit of the *contract*." *Morris v. Bank of America Nevada*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted) (emphasis added). The purpose of this claim is not, however, to be a vehicle by which a plaintiff may sue a defendant for any and all violations of laws that govern the

subject matter of the contract between the parties—rather, the claim must be based upon a deliberate betrayal of the intention and spirit of the contract itself.[2]

Stated slightly differently, the Nevada Supreme Court has explained that "[w]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party and thus denied, damages may be awarded against the party who does not act in good faith." *Hilton*, 808 P.2d at 923. "Reasonable expectation are to be 'determined by the various factors and special circumstances that shape these expectations.'" *Perry*, 900 P.2d at 338 (quoting *Hilton*, 808 P.2d at 924).

The preliminary requirement to establish a cause of action for a breach of the implied covenant of good faith and fair dealing is that (1) there existed a contract between the plaintiff and defendant at the time of the alleged breach. *See Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232–33, 808 P.2d 919, 922–23 (1991); *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). Additionally, a plaintiff must allege that: (2) the defendant owed plaintiff a duty of good faith and fair dealing; (3) defendant breached the duty by performing in a manner that is unfaithful to the contract's purpose; and (4) plaintiff's justified expectations were denied. *Perry*, 900 P.2d at 338 (citing *Hilton Hotels*, 808 P.2d at 922–23).

Finally, "[a]lthough breach of the implied covenant is often pleaded as a separate count, a breach of the implied covenant is necessarily a breach of contract." *See Digerati Holdings, LLC v. Young Money Entm't*, LLC, 194 Cal. App. 4th 873, 885 (Cal. App. 4th 2011). In Nevada, all breach-of-contract claims require proof that the plaintiff was harmed by the defendant's breach.

---

[2] "[A] party can assert such a claim only when the defendant commits an act closely related to the terms of the contract itself: the act must effectively 'destroy or injure the right of the other party to receive the benefits of the contract' or the defendant must have done something to 'prevent or hinder performance by the other party.'" *Pickett v. McCarran Mansion*, LLC, No. 70127, 2017 WL 3526269, at *9 (Nev. App. Aug. 8, 2017) (Tao, J., concurring) (unpublished) (quoting *Hilton Hotels Corp.*, 808 P.2d at 923). "The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose. . . . In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Racine & Laramie, Ltd. v. Dept. of Parks & Recreation*, 11 Cal. App. 4th 1026, 1029–30 (1992), *reh'g denied and opinion modified* (Jan. 6, 1993), *as modified on denial of reh'g* (Mar. 25, 1993) (internal quotation marks and citations omitted).

*Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013). Therefore, to prove a contractual breach of the covenant, a plaintiff must also prove that the breach of the covenant caused actual damages. *Cf.* Judicial Council of California Civil Jury Instructions (2017), No. 325 (available at http://www.courts.ca.gov/partners/documents/CACI_2017_Edition.pdf) ("Breach of Covenant of Good Faith and Fair Dealing—Essential Factual Elements").

All told, the implied covenant of good faith and fair dealing exists to ensure that one contracting party does not deliberately act in bad faith to frustrate the other contracting party from obtaining the benefits of the contract. *See generally Guz v. Bechtel National, Inc.*, 8 P.3d 1089 (Cal. 2000); *Pickett*, No. 70127, 2017 WL 3526269, at *9 (Tao, J., concurring); *Racine & Laramie*, 11 Cal. App. 4th at 1029–30.

In this context—in which the alleged violation of the covenant is that the defendant violated a statute or regulation—the violation constitutes a breach of the implied covenant of good faith and fair dealing, too, only if the defendant's compliance with the statute or regulation was a justified expectation of the parties based on the intention and spirit of their contract. Further, the defendant's violation of the statute must have been a deliberate betrayal of this spirit and intention of the contract, and have actually frustrated the plaintiff's right to enjoy the benefits of the contract. *See Perry*, 900 P.2d at 338; *Hilton Hotels*, 808 P.2d at 922–23; *Morris*, 886 P.2d at 457; *Nelson*, 163 P.3d at 426–27. And the violation must have caused damages.

Here, Taulli does not allege that the defendants violated any express term of a contract. Instead, Taulli's complaint alleges that the defendants were "unfaithful to the purpose of the contract by" violating a federal statute and regulation (Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e) ("RESPA") and the regulations promulgated thereunder), violating Nevada's foreclosure-mediation-program statute (Nev. Rev. Stat. 107.086), and by misleading Taulli about how, and to what, the defendants applied his mortgage payments. (ECF No. 1-2 at 7–9).

Taulli does not identify which, if any, "contract" the defendants have contravened by their various alleged violations of law. Taulli alleges only that he and defendant Oaktree Funding were parties to the "note" with which Taulli purchased his home. (ECF No. 1-2 at 7 ¶ 27). A note is not a contract; rather, it is simply a negotiable instrument, or "[a] written promise by one party

(the *maker*) to pay money to another party (the *payee*) or to the bearer. NOTE, BLACK'S LAW DICTIONARY (10th Ed. 2014). Thus, by definition, a note does not create or prove a contract on its own because it does not show a *mutual* exchange of promises.

Taulli further alleges that defendants Countrywide, Oaktree, and EverBank all owed Taulli a "duty of good faith" simply because they all "service[d] the note at some point in its life . . . ." (ECF No. 1-2 at 7 ¶ 28). However, if being a party to a note does not create a contractual relationship (without more, as explained above), then a party having merely "serviced" a note "at some point in its life" does not create a contractual relationship either.

That said, defendant EverBank does not dispute the existence of a contract; to the contrary, EverBank attaches the deed of trust to its motion to dismiss. (ECF No. 6 at 9–29). Taulli briefly mentions the deed of trust only in passing. (ECF No. 1-2 at 5 ¶ 10). However, as Taulli's claims necessarily rely on this document, this court acknowledges that the deed of trust is the contract between the parties that Taulli's complaint alleges the defendants have betrayed.

The next question is whether the alleged actions of the defendants constitute contractual breaches of the implied covenant of good faith and fair dealing.

### 1. *The alleged violation of RESPA*

Taulli alleges that defendants violated the implied covenant of good faith and fair dealing by failing to comply with the provisions of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e) ("RESPA") and regulations promulgated thereunder.

First, Taulli's response in opposition to the motion to dismiss on this issue is only a single paragraph with only one citation to legal authority, citing generally to 12 U.S.C. § 2605(e) in the point heading of the section, and one citation generally to "exhibit 2" of the response. (*See* ECF No. 11 at 7–8). Taulli's does not specifically argue and explain how this broad, general allegation constitutes a violation of the implied covenant of good faith and fair dealing. He does not explain the elements of such a cause of action or show how he has sufficiently alleged them; he expected the court to do that on its own. For this reason, Taulli's response is inadequate to satisfy the requirement of providing points and authorities in support of a response to a motion under LR 7-

2(d), and therefore constitutes consent to granting the motion. Nonetheless, in the interest of resolving cases on the merits, the court has evaluated the claim.

The first question is whether the deed of trust created a justified expectation in the parties' that the defendants would comply with the federal law governing mortgage servicing for principal-residence homes. *Cf. Hilton Hotels*, 808 P.2d at 922–23; *Perry*, 900 P.2d at 338; *Nelson*, 163 P.3d at 426–27. "Reasonable expectation are to be 'determined by the various factors and special circumstances that shape these expectations.'" *Perry*, 900 P.2d at 338 (quoting *Hilton*, 808 P.2d at 924).

Here, Taulli was justified in expecting defendants to comply with federal law. When a private individual contracts with a lender (and the lender assigns some or more of its loan servicing duties to a loan servicer), the individual has a justified expectation that the lender and servicer will faithfully comply with the federal law governing how it must service the loan and interact with its borrowers. This is especially true here, where the deed of trust specifically refers to RESPA in multiple places. (*See, e.g.*, ECF No. 6 at 13 ¶ 3). This does not end the inquiry, however.

The next question is whether Taulli has alleged specific, plausible facts that show that the lender intentionally frustrated Taulli's legitimate expectations under the contract by violating federal law. Taulli's specifically alleges the following sequence of conduct violated the covenant of good faith and fair dealing:

(a) Servicer did not reply to Taulli's qualified written request, as required by RESPA;

(b) Servicer secretly encouraged the lender to foreclose in the meantime; and

(c) The lender foreclosed.

The complaint, construed in Taulli's favor, paints a picture that defendants intentionally ignored RESPA's requirements to respond to Taulli's qualified written request in the defendants' rush to foreclose on the property. This shows an intentional frustration of Taulli's enjoyment of the contract, under which Taulli was justified in expecting compliance with RESPA in the event of a potential foreclosure.

The final question is whether Taulli has adequately alleged that this misconduct caused him to suffer damages. Here, Taulli's claim falls short. Taulli has no pointed to any legal authority

showing that a violation of the requirement of timely responding to a qualified written request under RESPA invalidates a foreclosure. To the contrary, the statute creates its own remedy for a violation thereunder:

> **(f) Damages and costs**
>
> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
>
>> **(1) Individuals**
>>
>> In the case of any action by an individual, an amount equal to the sum of--
>>
>>> **(A)** any actual damages to the borrower as a result of the failure; and
>>>
>>> **(B)** any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

12 U.S.C. § 2605(f).

Taulli has not shown that the foreclosure was void for defendants' failure to comply with RESPA; he has not shown by alleging specific, plausible facts that he has suffered any other actual damages as a result of the failure, 12 U.S.C. § 2605(f)(1)(A); and he has not alleged a pattern or practice of noncompliance for the purposes of 12 U.S.C. § 2605(f)(1)(B). And Taulli cannot claim that the foreclosure of his home would not have happened but for defendants' violation of these federal laws, or even that the alleged violations were a substantial factor in the decision to foreclose. Without a specific form of actual damages, the claim must fail. *See, e.g.*, *Thepvongsa v. Reg'l Tr. Servs. Corp.*, 972 F. Supp. 2d 1221, 1229 (W.D. Wash. 2013) ("Plaintiff has not identified actual damages suffered as a result of Ocwen's failure to respond adequately to the [qualified written request]. The lack of information did not cause plaintiff to send his payments to the wrong entity, for example, or result in the accrual of late fees or penalties that could have been avoided had defendants timely responded: plaintiff was already in default when the [request] was sent."). Taulli has failed to allege damages, and therefore cannot maintain his implied covenant of good faith and fair dealing claim on the theory that the defendants violated RESPA.

. . .

. . .

### 2. *The alleged violation of Nevada foreclosure mediation law*

EverBank is correct that Taulli's complaint is facially deficient because it does not explain who violated Nevada law or how they did it. The complaint simply states as follows:

> [Defendants] breached that duty [of good faith and fair dealing] by performing in a manner that was unfaithful to the purpose of the contract by:
> . . .
>     d.    failing to allow mediation or modification in good faith, as required under Nevada and Federal law.
>
> 30.    [Taulli's] justified expectations that [defendants] would comply with NRS § 107.086, including compliance with mediation requirements in good faith, and as mandated by NRS § 107.086(6) were thus denied.

(ECF No. 1-2 at 7–8).

These allegations are insufficient to state a claim for relief under federal pleading standard. First, they are mere conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, they do not identify any specific conduct or omission of the defendants that constituted the alleged breach, nor do they even go as far as to recite the elements of the law that they allege defendants violated. Thus, these allegations are inadequate to put defendants on fair notice of what conduct is at issue and what they need to defend against.

Nevada's foreclosure mediation program, codified in Nevada Revised Statute § 107.086, is an extensive, 19-subsection statute of nearly 2,500 words, largely filled with numerous requirements with which a trustee must comply in relation to a foreclosure sale. Even subsection 6 alone, which Taulli cites specifically in his complaint, contains at least four different means by which a trustee might violate the statute. *See* Nev. Rev. Stat. § 107.086(6). Merely citing a statute and alleging that the defendant violated it is insufficient under the United States Supreme Court's pleading standards. *See Iqbal*, 556 U.S. at 678.

Moreover, the pleadings, and documents incorporated into the pleadings, disclose that none of the defendants named in this action are the trustee or beneficiary of Taulli's deed of trust who would be governed by NRS § 107.086. The deed of trust clearly shows "Fidelity National Title" as the trustee. (ECF No. 6 at 9). Further, plaintiff now admits in his response that "[t]he note is now secured by a separate Deed of Trust, which Plaintiff has only recently learned, is held by

HSBC Bank USA, N.A. ("HSBC"). . . .". (ECF No. 11 at 3 n.1). Neither Fidelity National Title nor HSBC are named defendants in this action, and thus it appears that the deed of trust upon which Taulli's claims rely belies Taulli's claim that one of the defendants is the trustee or beneficiary of the deed of trust and thus, that they were governed by NRS § 107.086.

Accordingly, for these various reasons, the allegation that the defendants breached the covenant of good faith and fair dealing by violating Nevada foreclosure mediation law fails to adequately state a claim for relief.

### 3. *The alleged misrepresentation of loan-payment attribution*

Taulli alleges that defendants "improperly" applied his mortgage payments to interest, rather than to the loan's principal. However, in EverBank's motion to dismiss, it cites the deed of trust (ECF No. 6 at 12 ¶ 2), which states, in relevant part:

> **2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: **(a) interest due under the Note**; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late chances, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note. . . .

Undeterred, Taulli responds that "the payment statements previously received by [Taulli] clearly indicated that approximately half of the payments [Taulli] made was for interest and half was for principle [sic]." (ECF No. 11 at 3). Taulli argues that the complaint adequately alleges the defendants breached the implied covenant of good faith and fair dealing by alleging that the defendants "improperly attribut[ed] payments to interest and not principle [sic]; despite the loan payment statement provided by the servicers which indicated that the payments were going approximately half to principle [sic] and half towards interest." (ECF Nos. 11 at 5; 1-2 at 7 ¶ 29(b)).

Even if—looking solely at the face of the complaint—Taulli's allegation were to adequately allege a cause of action for breach of the covenant of good faith and fair dealing, the court's inquiry does not end there because Taulli's claim arises under a document, the deed of trust, (*see* ECF Nos. 6 at 9–29; 11 at 3 n.1), which is thereby incorporated into the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (2003). In that situation, a court may treat such a

James C. Mahan
U.S. District Judge

- 12 -

1 document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

The deed of trust contradicts and belies Taulli's allegation. According to this document, the defendants properly applied Taulli's payments to interest first in accordance with the parties' agreement. Taulli does not assert that this provision of the document is somehow unenforceable. Therefore, given that the complaint and deed of trust show that defendants complied with the terms of the parties' agreement by applying the payments to interest first, it follows this conduct did not contravene the purpose of the agreement and breach the implied covenant of good faith and fair dealing. Accordingly, this allegation does not state a claim for relief.

Nor has Taulli adequately stated a claim for relief based on the defendants' alleged misrepresentation regarding how they applied his loan payments. Taulli has not alleged plausible facts that show that defendants *intentionally* frustrated Taulli's enjoyment of his rights under the contract. That defendants would intentionally mislead Taulli about the application of their payments, even though their contract clearly states that they had the right to apply the payments to interest first, violates common sense and is a conclusory allegation that reaches beyond plausible for the purposes of FRCP 16(b)(6).

Finally, Taulli's claim fails to allege damages. Given Taulli's admission that he was unable to make his mortgage payments, and the deed of trust's clear language that interest should be paid first, as it was, it appears that the Taulli cannot claim that the foreclosure would not have occurred but for the defendant's alleged breach of the covenant, or even that it was a substantial factor in the decision to foreclose. Taulli cannot prove damages.

For these various reasons, these allegations do not plausibly state a claim for the contractual brief of the implied covenant of good faith and fair dealing.

*B. Tortious Breach of the Covenant of Good Faith and Fair Dealing*

Certain particularly severe conduct of a contracting party might constitute a *tortious* breach of the implied covenant of good faith and fair dealing. To state such a claim, a plaintiff must allege specific facts that plausibly show that the defendant's breach was so severe that it can be said to have violated a duty created by law, not merely by contract. *See K Mart Corp. v. Ponsock*, 732

James C. Mahan
U.S. District Judge

- 13 -

P.2d 1364, 1370 (Nev. 1987), *abrogated on other grounds by Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990). The Nevada Supreme Court in *K Mart* noted that "[t]ort remedies are allowed here only because K Mart's conduct goes well beyond the bounds of ordinary liability for breach of contract. . . . and, although a duty of good faith and fair dealing is created by law in all cases, it is only in rare and exceptional cases that the duty is of such a nature as to give rise to tort liability." *Id.*

Second, the plaintiff will need to prove that there is a "special relationship between the parties" or a "special element of reliance or fiduciary duty." *Torres v. Direct Ins. Co.*, 353 P.3d 1203, 1210 (Nev. 2015). Examples of potentially qualifying special relationships are that of an insurer and insured or an employer and employee. *See K Mart*, 732 P.2d at 1371. The *K Mart* court announced three policy questions a court should consider in determining whether the relationship and situation at issue is appropriate for the tort-based claim:

1. Is there, as in the insurance cases, such a superior-inferior power differential as to create a "special element of reliance" resulting from the employee's reliance on the employer's credibility and the employer's promise and powerfully expectant guarantee of retirement benefits?

2. Would contract damages hold [the defendant] accountable for this kind of misconduct?

3. Would contract damages, under circumstances such as these, make an aggrieved [plaintiff] "whole"?

*Id.*

Here, Taulli has not alleged a "rare and exceptional case" of misconduct by the defendants, so severe that it must be said to have violated a duty created by law, not merely by contract, justifying the imposition of additional, special damages for bad faith conduct. *See K Mart*, 732 P.2d at 1370–71. Accordingly, the court grants EverBanks's motion to dismiss this claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss the complaint, (ECF No. 6) be, and the same hereby is, GRANTED.

, , ,

, , ,

IT IS FURTHER ORDERED that the complaint (ECF No. 1-2) is DISMISSED without prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED November 6, 2017.

_____
UNITED STATES DISTRICT JUDGE